UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN RICHARD McKEE, | No. C 09-3996 SI (pr) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| BENNIE TAYLOR; et al., | |
| Defendants. | |

## INTRODUCTION

Steven Richard McKee, an inmate at the Alameda County Jail, filed this pro se civil rights action under 42 U.S.C. § 1983, complaining that he was subjected to excessive force during an encounter with police officers from the City of Hayward. The complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

A claim that a law enforcement officer used excessive force in the course of an arrest or other seizure is analyzed under the Fourth Amendment reasonableness standard. See Graham v. Connor, 490 U.S. 386, 394-95 (1989); Forrester v. City of San Diego, 25 F.3d 804, 806 (9th Cir. 1994). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of '"the nature and quality of the intrusion on the individual's Fourth Amendment interests"' against the countervailing governmental interests at stake." See Graham, 490 U.S. at 396 (citations omitted).

McKee alleges that, on January 23, 2009, he was sitting in a vehicle and was at a complete stop in Hayward, California. Several officers from the Hayward police department approached with their guns drawn and ordered him to put his hands in the air. He did, and they then shot him multiple times, grabbed him by his arms, and pulled him out of the vehicle and onto the parking lot. The officers handcuffed his hands behind his back and proceeded to beat him with their fists and retractable batons until medical help arrived. He was transported to the Eden Medical Center, where he was treated for multiple gunshot wounds and other injuries. His complaint indicates that the police officers who used force on him were Bennie Taylor and Giovanni Sanchez. He also lists as defendants several John Doe and Jane Doe defendants. Liberally construed, the allegations of the complaint state a claim for relief under § 1983 against defendants Bennie Taylor and Giovanni Sanchez for the use of excessive force in violation of McKee's Fourth Amendment rights.

With regard to the Doe defendants, McKee has not alleged enough for the court to determine whether any Doe defendant did anything that might amount to a constitutional violation. It is permissible to use Doe defendant designations in a complaint to refer to defendants whose names are unknown to plaintiff. Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants

creates its own problem: those persons cannot be served with process in this action until they are identified by their real names. Plaintiff must take steps promptly to discover the full name (i.e., first and last name) of each Doe defendant and provide that information to the court in an amendment to his pleading that explains what each such person did or failed to do that caused a violation of his constitutional rights. The burden remains on the plaintiff; the court will not undertake to investigate the names and identities of unnamed defendants.

## CONCLUSION

For the foregoing reasons,

1.      The complaint states a claim for relief under 42 U.S.C. § 1983 against Bennie Taylor and Giovanni Sanchez for a violation of McKee's Fourth Amendment rights.

2.      The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in the case file upon the following two defendants: Hayward police officer Bennie Taylor and Hayward police officer Giovanni Sanchez.

3.      In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a.      No later than **June 25, 2010**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

    b.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **July 30, 2010**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of

3

material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).)

         c.     If defendants wish to file a reply brief, the reply brief must be filed and served no later than **August 13, 2010**.

4.     All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6.     Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7.     Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

/ / /

/ / /

8. Plaintiff's motion for the court to issue a summons is DENIED as unnecessary. (Docket # 6.) The court has directed the clerk to issue the summonses.

IT IS SO ORDERED.

Dated: April 5, 2010

_____
SUSAN ILLSTON
United States District Judge