UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN RICHARD McKEE, | No. C 09-3996 SI (pr) |
| Plaintiff, | **ORDER TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSE CASE** |
| v. | |
| BENNIE TAYLOR; et al., | |
| Defendants. | |

Steven Richard McKee, an inmate at the Alameda County Jail, filed this pro se civil rights action for damages under 42 U.S.C. § 1983. In his complaint, he alleged that he was subjected to excessive force during an encounter with police officers from the City of Hayward. Defendants move to stay this action pending the outcome of a criminal case pending against McKee. Defendants assert that McKee is scheduled to be tried later this month on charges of resisting executive officers and assault with a deadly weapon on a peace officer, and that these charges stem from the "same transaction, occurrence and event" on which McKee's civil rights action is based. Def's Admin. Motion To Stay Proceedings, p. 1. McKee has not opposed the motion.

The case of Heck v. Humphrey, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction unless that conviction already has been determined to be wrongful. See id. at 486-87. A conviction may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal

court issues a writ of habeas corpus. See id. The Heck rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction -- would imply that the conviction was invalid. The practical importance of this rule is that a plaintiff cannot attack his conviction in a civil rights action for damages; the conviction must have been successfully attacked before the civil rights action for damages is filed. The Heck rule bars an action only if there is an existing conviction and does not bar "an action which would impugn *an anticipated future conviction*." See Wallace v. Kato, 549 U.S. 384, 393 (2007). Nonetheless, the claim should not go forward if the plaintiff's criminal proceedings are still pending; rather, the court can "stay the civil action until the criminal case or the likelihood of a criminal case is ended." See id. Here, the claim that there was excessive force used during the apprehension of McKee by police appear to be intertwined with the criminal charges that he resisted executive officer and assaulted a peace officer with a deadly weapon.

For the foregoing reasons, defendants' motion for a stay is GRANTED. (Docket # 13.) This action is STAYED while the criminal case is pending against McKee. Within **thirty (30)** days of the date the criminal proceedings against McKee have concluded, he must file a motion asking the court to lift the stay and reopen the action. (If he is acquitted, the case may proceed at that time. If he is convicted of one or both charges and the court finds that his claims would impugn the validity of his conviction, the action will be dismissed under Heck.)

The clerk shall administratively close this case.

IT IS SO ORDERED.

Dated: November 12, 2010

_____
SUSAN ILLSTON
United States District Judge